# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION


**HENRY TAYLOR,**

      **Plaintiff,**

**vs.**                           **Case No. 4:10cv514-RH/WCS**

**WALTER MCNEIL, et al.,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* initiated this civil rights action, filed under 42 U.S.C. § 1983, doc. 1, on November 17, 2010.  At that time, Plaintiff was incarcerated in the Florida Department of Corrections and he was granted *in forma pauperis* status.  Docs. 2, 4.  Service of Plaintiff's complaint was directed, doc. 7, summons were returned executed on the four named Defendants in February, 2011.  Docs. 11-14.  Two court orders sent to Plaintiff have now been returned as undeliverable.  Docs. 9, 15.  On March 31, 2011, a notice of appearance was filed on behalf of Defendants, doc. 16, and now a motion for an order requiring Plaintiff to submit his *in forma pauperis* application has been filed by Defendants.  Doc. 17.  The motion advises "that Plaintiff was released on January 20, 2011."  Doc. 17, p. 2.

The docket indicates that no notice of change of address has been filed by Plaintiff. Nevertheless, after the first order was returned to the Court as undeliverable, it appears that the Clerk's office sought an updated address for Plaintiff and re-mailed that order to Plaintiff at that address. *See* docket entries for docs. 9, 10. That mail was also returned to the Court. Doc. 15. Thus, a court order will probably not reach Plaintiff.

Plaintiff was advised in two court orders that *did* reach him that he was responsible for keeping the Court advised about his "current whereabouts as his case may be dismissed if court orders are returned to the Court because Plaintiff has been transferred or otherwise relocated." Doc. 4, p. 3; *see also* doc. 5, p. 2. Nothing has been received from Plaintiff since receipt of the service copies of the complaint on December 20, 2010. Doc. 6. Since Plaintiff has taken no steps to notify the Court of his change of address in the three months since being released, and he has not filed any documents in over four months, it must be assumed that Plaintiff has now abandoned this litigation.

The best course of action is to dismiss this case without prejudice. Should Plaintiff file any document in the near future, the Clerk of Court shall bring that to my attention and I will decide at that time whether the case should be re-opened. At this point, however, the case should be dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for Plaintiff's failure to prosecute this action and failure to comply with court orders to keep the Court informed as to Plaintiff's whereabouts, and that Defendants'

motion for a court order requiring Plaintiff to resubmit his *in forma pauperis* application,

doc. 17, be **DENIED as moot**.

   **IN CHAMBERS** at Tallahassee, Florida, on April 26, 2011.


       S/  William C. Sherrill, Jr.   
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

  **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**